THOMAS REED, JR. *v.* DANIEL WOOD, JR.    Washington,
March,
1837.

Where, on the sale of articles of personal property, a sale note is given, describing the property sold, and receipting the price, but containing no warranty : *Held,* that the purchaser could not give *parol* evidence to prove a warranty.

This was an action of assumpsit on a note, made by the defendant, payable to Samuel Train & Co. or order, and by them indorsed to the plaintiff. The defendant pleaded in offset a claim for damages, against the said Train & Co., upon a warranty of a portion of the hides, the sale of which formed a part of the consideration of the note in suit. The defendant, in support of his claim, shewed a bill of sale of the hides, in the ordinary form, and containing no warranty of quality. He then offered the deposition of Hugh McNice, who deposed that he was present at the purchase of the hides in question ;—that they were in a package and lashed together with a rope ;—that said Train & Co. would not allow the package to be opened, but represented it to be a lot of good hides, and that, upon being assured they were good, the defendant concluded to take them. The deponent further stated that, afterwards, upon opening the package, the hides proved to be so injured as to be worthless.

Upon this testimony the county court directed a verdict for the plaintiff, under a rule, that, if this court should be of opinion, that it was competent for the defendant to prove an express warranty, separate and apart form the written bill of sale, and the deposition had any legal tendency to prove such a warranty, the plaintiff was to become nonsuit—otherwise, the judgment of the county court to be affirmed.

*J. Bell and Wm. P. Briggs, for defendant.*

I. It was competent for the defendant to show a partial or an entire failure of consideration, or fraud in the payees, and the evidence of McNice shows both.

II. The bill of sale, so called, is to be treated as a mere memorandum of quantity and price and receipt of payment, and not as a written instrument, embracing the whole contract between the parties.  3 Starkie's Evidence, 1049, in notes. *Jeffrey* v. *Walton,* 2 Com. Law Rep. 385. 3 Starkie's evidence, 1054, and note.

III. The warranty of the hides was an independent, collateral fact, having no connection with the number or price of the arti-

cles, and it neither contradicts nor explains the bill of sale. 3 Dane's Dig. 486, and the authorities there cited.

*T. H. & H. H. Reed, for plaintiff.*

No proof of a warranty, separate from the bill of sale, was admissible ;—

I. Upon the general principle of law, that a written contract cannot be varied or enlarged by parol evidence. 3 Wils. Rep. 275. 2 Day's Rep. 137. 11 Johns. Rep. 375. 3 Term Rep. 590. 1 Mass. Rep. 510. 8 id. 375. 2 Bos. & Pul. 565. 8 Johns. Rep. 189. Peake's evidence, 112.

II. Upon authorities directly applicable to the case at bar.

" Where the contract of sale is reduced to writing by a bill of sale, no action will lie on a parol warranty, made at the time." *Mumford* v. *McPherson*, 1 Johns. Rep. 414. *Reed* v. *Van Orstend*, 1 Wend. Rep. 424. *Wilson* v. *Marsh*, 1 Johns. Rep. 503. *Vandervoort* v. *Smith*, 2 Caines' Rep. 154–55.

" Where a contract is entered into for the sale goods, and a bill of sale is aftewards executed, the bill of sale is the only evidence of the contract, which can be received ; and parol evidence of the agreement cannot be received, even though the written instrument be inadmissible for the want of a stamp." 3 Starkie's evidence, 1005–6.

Should the court be of opinion that we are wrong in the position taken, then another question arises in the case, viz : whether the deposition of McNice proves a warranty, by Train & Co. to Wood, of the hides in question ? We maintain that it does not :

I. Because the words he testifies to, as having been used by Train & Co., in the negotiation with Wood, do not express a warranty, and

II. Because, from the nature and terms of the negotiation, as detailed in the deposition, it does not appear, nor can it be inferred, that Train & Co. *intended,* or that Wood understood at the time, there was a warranty, and, without this *intention* and mutual *understanding*, there could be no warranty, whatever the words used might have been.

Justice Kent says, in giving the opinion of the court in *Seixas* v. *Wood,* 2 Caines' Rep. 55, " to make an affirmation at the time of a sale, a warranty, *it must appear by evidence to be so intended,* and not a mere matter of judgment.

So in *Swett* v. *Colgate,* 20 Johns. Rep. 196, Justice Wood-

worth remarks, in giving the opinion of the court, " that there are no particular words prescribed by law, to make a warranty ; but it is essential that the affirmation, made at the time of sale, be *intended* by the parties, as a warranty, and *this must appear by the evidence ;* if it does not, the affirmation is considered as a a mere matter of judgment."

And to the same effect are the following authorities :   2 Cowen's Rep. 138.   3 Term Rep. 57.   4 id. 142.   19 Johns. Rep. 290.

The most, that can be rationally gathered from the deposition, is, that Train & Co. expressed an opinion that the hides were good, without knowing, or having the means of knowing, any thing more of their quality than Wood, the purchaser, did, and it is well settled, that this does not constitute a warranty in the sale of any article.   *Davis* v. *Meeker,* 5 Johns. Rep. 354.   *Holden* v. *Dakin,* 4 do. 421.   *Wilson* v. *Marsh,* 1 do. 503.   3 T. Rep. 57.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It is a rule well settled, that a warranty of the quality of personal property sold must be made at the sale ; that if made either before or after, no action can be maintained thereon.   It is also a familiar principle, that no parol evidence is admissible to vary, or alter a written contract, or to add a new stipulation or condition thereto, when the parties have reduced their contract to writing.   Neither can the parties give parol evidence of such contract, although the written contract may be inadmissible in evidence, for want of a stamp.   Whenever there is a sale, and either a bill of sale or a sale note given, such bill or sale note is the evidence of the contract, and cannot be varied.   The cases of *Hodges* v. *Drakeford,* 1 New Rep. 270, *Rolleston* v. *Hibbert,* 3 Term Rep. 406, *Gardiner* v. *Gray,* 4 Camp. 144, fully establish this principle.   The bill, executed by Train & Co. to Wood, in January, 1832, was a sale note, or bill of sale, and, as such, evidence of the contract. It described the property sold ; that it was bought by Wood of them, and they had received their pay therefor.   It was the proper and legitimate evidence of the sale, and of the terms and conditions thereof.   If a warranty of the quality of the property, then sold, had been contemplated by the parties, it should have been inserted in the writing then executed.   To admit parol evidence of a warranty, would in effect be to require that one

Washington,
*March*,
1837.

Reed.
*v.*
Wood

part of a contract should be proved by the writing, which was executed, and to permit another, and an essential part of the same contract, to be proved by parol. This, we think, could not be permitted, and the result is, that it was not competent for the defendant to prove an express warranty, by the deposition introduced. The court, therefore, correctly directed the verdict to pass for the plaintiff.

It is unnecessary to pass upon the other question, any further than to say, that the declaration, in effect, was not framed to meet any evidence of a deceit in the sale of the hides, nor do we see any thing in the deposition, tending to prove either a deceit, or a fraudulent representation, or any thing more than an assertion of the belief of the defendant, as to the quality of the articles sold. If it was intended the vendor should be responsible for the goodness or quality of the articles sold, a warranty should have been required and given; and, none such having been given, it is very evident that none was intended. The judgment of the county court must, therefore, be affirmed.