### No. 9105.

### MOORE *v.* BEEM ET AL.

PLEADING.—*Complaint.—Partners.*—In a complaint which states that the "plaintiffs complain of the defendants, and say that they are partners," etc., the personal pronoun refers to the plaintiffs, and the complaint, in this respect, is sufficient on demurrer.

EVIDENCE.—*Principal and Agent.*—The admission of testimony, showing the instructions given an agent at the time he receives money as to its application upon a note, is not erroneous because such instructions were given in the absence of one of the parties.

SAME.—*Promissory Note.—Statement by Third Person as to Payment.*—An assurance from a third party to the maker of a note, at the time of its execution, that the maker would never have to pay the note, constitutes no defence, and proof of the statement was properly excluded.

SAME.—*Consideration. — Instruction.*—An instruction which substantially states that if the payee furnished the money for which the note in suit was executed, the maker is liable, is a correct statement of the law.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellees.

BEST, C.—This action was brought by the appellees, as partners, doing business under the firm name of Beem, Peden & Co., upon a note of $600, made by the appellant to Elizabeth Houston, and by her endorsed to Nathaniel Houston, who endorsed it to the appellees.

A demurrer to the complaint was overruled, and an answer of no consideration filed. A counter-claim was also filed, asking a cancellation of the note, on the ground that it was given without consideration, of which the endorsees had notice when the note was transferred to them. These pleadings were denied, a trial had and a verdict returned for the appellees. Over a motion for a new trial, final judgment was rendered upon the verdict.

The appellant assigns as error that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The complaint says that the "plaintiffs complain of the defendants, and say that they are partners, doing business under the firm name of Beem, Peden & Co.," and it is insisted that the personal pronoun "they" relates to the defendants, and hence the complaint does not show any title to the note in suit. This precise question was decided adversely to the appellant in *Steeple* v. *Downing*, 60 Ind. 478, and that case is decisive of the question here presented. No other objection has been made to the complaint, and we discover none. The complaint was good, and the demurrer properly overruled.

The motion for a new trial embraced various reasons which will be considered in the order of their statement. The first and second, which alleged that the verdict was not sustained by sufficient evidence, and was contrary to law, are not insisted upon by appellant.

The third was for error of law in permitting Elizabeth Houston, Nathaniel Houston and Walter Woodburn to testify to certain statements made by one to the other in the absence of the appellant.

Walter Woodburn was the assistant cashier of the First National Bank of Bloomington, Indiana, and in February, 1878, said bank held a note of $1,888, made by C. M. Houston, husband of Elizabeth Houston, D. B. Woods and appellant. While the bank held this note, Elizabeth Houston sent $600 with her son Nathaniel Houston, to the appellant, with instructions that if appellant would give her his note for the money, and would apply it upon the note held by the bank against her husband, Woods and appellant, to let him have the money. The son took the money to the bank and, not finding the appellant there, deposited it for his mother and at the same time instructed Woodburn that if appellant came in and would give his mother a note for the money and would apply it upon the note held by the bank against his father, Woods and appellant, to let him have the money. The statement of which the appellant complains is the statement of the mother to the son and of the son to Woodburn at the time

the money was sent and deposited, as above stated. We see no error in the admission of this testimony. Its purpose was to show that neither the son nor Woodburn had any authority to apply the $600 upon the $1,888 note, unless the appellant would give the mother his note for the money. As this was not done, the testimony was entirely harmless, because wholly immaterial. There was no error in its admission.

The fourth cause for a new trial was for error in excluding certain statements made by C. M. Houston, husband of Elizabeth Houston, at the time the note was made.

After the money had been deposited in the bank, the appellant at first declined to sign the note for it, and before he did so he met C. M. Houston, who said to him, that if he would sign the note he would never have to pay it; that it was to keep his other creditors satisfied; that if his wife paid that amount upon this note, his other creditors will complain unless she also pays for them; that appellant then said, "I don't understand this way of doing business, but if it will satisfy you, I will," and then went into the bank and signed the note.

These statements were not made by Elizabeth Houston, nor by any one authorized to make them for her, and for this reason they were properly excluded. The appellant was informed that the money could be applied upon a note for which he was liable, if he would make his own note for it, and, if under these circumstances, he caused or permitted the application to be made, and executed his note for the money, the consideration could not be questioned, though the husband assured him he would never have the note to pay, and that it was only taken to satisfy creditors. There was no error in the exclusion of this testimony.

The fifth reason is for error in giving the first, second, third and fourth instructions.

The first instruction directed the jury, in case they found that Elizabeth Houston raised, by mortgage on her land, $600, deposited it in bank, took a certificate of deposit, trans-

ferred it to appellant, who endorsed it to the bank, and the money for which it called was credited upon a note held by the bank against C. M. Houston and appellant; that, as part of the same transaction, appellant made the note and delivered it to any one, for Elizabeth Houston, that they should find against appellant.

The principal objections to this instruction are, that there is no evidence that the money was raised by mortgage, or that the note was delivered by appellant to any person for Elizabeth Houston. The pleadings admitted the delivery, and it was immaterial how the money was raised. The substance of the charge is, that if Elizabeth Houston furnished $600, for which appellant executed his note, he is liable upon it. This was a correct statement of the law under the issues.

The second instruction directed the jury, that if appellant objected to signing the note, but did sign it upon representations or promises that he would never have it to pay, or that it would be cancelled, the note would nevertheless be binding, as a party can not rely upon parol agreements of that kind.

This instruction was, we think, correct. Besides, there was no evidence of any such promises or representations before the jury, and, if wrong, it could not injure the appellant.

The third instruction directed the jury, that, if Elizabeth Houston parted with the money, it is enough to support the note, whether it was applied upon a debt of appellant or not.

This instruction was not misleading. If the payee furnished the money for which the note was executed, it was immaterial whether applied upon appellant's debt or not. If appellant believed that the testimony tended to show that the money was applied by the payee upon the note of the bank before the note in suit was given, it was his duty to ask a charge applicable to such state of facts. The testimony, however, did not tend to show such application. There was no error in this charge.

The fourth instruction was in substance the same as the second, and, for the reasons already given, there was no error

in giving such charge. We have now noticed all the questions raised, and think there is no error in the record. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.