EUGENE PUTNAM *v.* T. F. McDONALD.

October Term, 1898.

Present : ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed August 31, 1899.

*Bill of sale—Receipted statement of account.* A dated instrument the substance of which was, "E. P. Putnam to T. F. McDonald, Dr. one bicycle, $47.50. Paid, T. F. McDonald", is not a bill of sale, but a receipted statement of account.

*Oral evidence admissible*—Such being the character of the instrument oral evidence was admissible to show a warranty.

CASE FOR FALSE WARRANTY in the sale of a bicycle. Plea, general issue. Windsor County, May Term, 1898, *Ross*, C. J. presiding. Trial by jury. Verdict directed for the defendant. Judgment on verdict. Plaintiff excepted.

The plaintiff purchased of the defendant a bicycle and took from him at the time of the sale the following written instrument:

"Terms Cash.                    Ludlow, Vt., July 27, 1896.
            Mr. E. P. Putnam
                        To T. F. McDonald,            Dr.
                    Dealer in
Hardware, plumbing, iron, steel, cordage, cutlery, glass, woodenware, paints, oils, doors, sash and blinds.
                    1 Bicycle                    $47.50
                    Paid,        July 27, 1896.

                                T. F. McDonald.

The plaintiff offered oral evidence of a warranty by the defendant at the time of the sale, which was excluded.

*Gilbert A. Davis* and *Edward R. Buck* for the plaintiff.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

Munson J.   It has been repeatedly declared by this court that the rule which prohibits the introduction of parol evidence to vary a written contract is applicable to bills of sale in the usual form, and in the first case where the rule was thus applied it was held to exclude proof that the property sold was warranted. *Reed* v. *Wood*, 9 Vt. 285.   But it is clear that if the writing lacks the requisites of a bill of sale, and amounts only to a receipt, the rule is not applicable, and the warranty may be shown. Rob. Dig. 302, sec. 449; 4 A. & E. Ency. Law, 2nd Ed. 569. So the question for consideration is whether the writing taken by the plaintiff is to be regarded as a bill of sale.

A bill of sale is a writing evidencing the transfer of personal property from one person to another.   The nature of the writing would seem to require that it contain some statement of the fact of transfer.   We think it will be found that all the informal writings treated by our court as bills of sale referred to the property as having been "bought."   *Reed* v. *Wood*, 9 Vt. 285;

*Wason* v. *Rowe*, 16 Vt. 525 ; *Edwards* v. *Golding*, 20 Vt. 30; *Davis* v. *Bradley*, 24 Vt. 55 ; *Linsley* v. *Lovely*, 26 Vt. 123 ; *Sanborn* v. *Chittenden*, 27 Vt. 171. It was said in *Houghton* v. *Carpenter*, 40 Vt. 588, that a bill of sale must contain the substantial elements of a contract; and one of the defects pointed out in the writing then under consideration was that it did not contain any words importing a transfer of title. Under the English statute requiring the registration of bills of sale, it is held that a receipt for the purchase money of goods sold, not amounting on the face of it to a grant or transfer, is not a bill of sale within the requirement. 3 Add. on Con. Morg. Ed. sec. 1061 ; citing *Hale* v. *Metropolitan etc. Co.* 4 Drew 492 ; *Allsop* v. *Day*, 7 H. & N. 457 ; *Byerley* v. *Prevost*, L. R. 6 C. P. 144.

We think the omission of the usual reference to the property as "bought of" the creditor distinguishes the writing in question from those considered in our cases above cited, and precludes its classification as a bill of sale. It does not purport to be a transfer of property, but a charge for property transferred. Such a charge always implies that there has been a transfer, but some statement of the fact of transfer is required to constitute a bill of sale. This writing contains no more than is essential to a good receipt. It may properly be designated as a receipted statement of account. It is such a writing as would be produced by copying, with the required designation of the creditor, an entry from a merchant's daybook, and affixing a receipt on payment. A writing of this character does not undertake to state the contract, and affords no basis for the presumption that it contains the whole contract. We think that in classifying as bills of sale writings framed by inserting items of account under the heading of goods "bought", our court has gone far enough. We do not find it necessary to enter upon a consideration of the cases in which parol evidence was received in connection with bills of that form.

*Judgment reversed and cause remanded.*