## HERCULES BUGGY CO. v. HINDE.

No. 1756. Opinion Filed May 14, 1912.

(124 Pac. 27.)

**EVIDENCE—Parol Evidence—Varying Written Contract.** Where a party, on the sale of an article, makes representations amounting to a warranty, and the sale is consummated by a written agreement with a clause of warranty inserted, the vendee, in an action for breach of said contract, is not permitted to show the representations and assertions made previous to the execution of the instrument, in order to prove a warranty additional to that set out in the written agreement, as the execution of said contract in writing superseded all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of said instrument.

(Syllabus by the Court.)

*Error from Noble County Court;*
*H. E. St. Clair, Judge.*

Action by the Hercules Buggy Company against A. C. Hinde. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

*Chas. R. Bostick,* for plaintiff in error.

*P. W. Cress,* for defendant in error.

WILLIAMS, J. The plaintiff in error, hereinafter referred to as plaintiff, declared in his amended petition against the defendant in error, hereinafter called defendant, on two counts: (1) That defendant, on March 15, 1907, gave the plaintiff a written order for thirty-one buggies and carriages, at an agreed price of $1,390.55, which were delivered in accordance with the terms of said contract, and which were accepted by said defendant; that there had been paid on said buggies and vehicles the sum of $1,000, leaving a balance due thereon of $390.55; (2) that on September 11, 1907, plaintiff sold and delivered to defendant certain goods, wares, and merchandise, therein specifically described, to the amount of $22.90, which defendant failed and refused to pay. Defendant answered by general denial, and further pleaded for damages on account of misrepresentations made prior to and contemporaneous with the entering into of the written contract. The plaintiff filed a reply, and under the issues thus joined a trial was had.

Defendant attempted to prove written misrepresentations by a certain letter written by one of the plaintiff's traveling salesmen some time prior to the time the contract was entered into. This letter was offered in evidence by the defendant, but excluded on the objection of plaintiff; and that question is not presented in this record for review.

The written order or contract is as follows:

"The Hercules Buggy Co., Evansville, Indiana. Post Office: Perry, Okla., 3-15-1907. No.———. Rush Rush. Ship to A. C. Hinde, at Perry, Okla. Agent: Guy Cooper. When to ship: As soon as ready, via Frisco. Terms: Note due 60 days. Pay no money to agents. [Here follows an itemized description of the buggies and carriages to the number of thirty-one, with the prices set out, and which totals $1,390.55. This part of the contract contains in minute detail the catalogue numbers, the kind

of bodies, springs, gear, paint, upholstering, and other matters descriptive of the various vehicles.]   These jobs must be the equal of Banner at the same price, and if necessary will pay $1.00 per job more to get good wheels if you think necessary and important. Not subject to countermand.   Subject to approval of the Hercules Buggy Co.   All terms and conditions must be written on this blank.    [Signed]

"A. C. Hinde."

The evidence showed that the word "Banner," as used in said contract or warranty, was thoroughly understood by the defendant, as well as the plaintiff; that the Banner buggy was a buggy made at St. Louis by Gardner Banner Buggy Company.

The plaintiff assigns error as follows:   (1) In overruling motion for new trial.   (2) In admitting evidence on the part of defendant over the objection of plaintiff.   (3) Error in giving instructions 3 and 6.

The paper writing or order purports to set out the entire contract.   *Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144.

The plaintiff, in its brief, states as follows:

"The defendant was permitted, over the objection of plaintiff, to testify that Mr. Cooper, the agent of plaintiff, represented to defendant that the Hercules buggies were the best buggies on the market; that the wheels were made of the very best hickory, the beds of choice yellow poplar, side curtains wool lined, etc.; and that Cooper would guarantee them to be $10 better than any work that defendant had on the floor.   These statements were made in Kansas City, Mo., prior to the 15th day of March, 1907, the date of the order.   Defendant states that he did not order any buggies at this time, but waited until Mr. Cooper came down. The trial court then permitted the defendant, over the objection of plaintiff, to testify to and introduce evidence as to oral statements made to defendant by Cooper on the day of the sale and execution of the contract.   These statements were to the effect that Cooper still guaranteed the Hercules buggies to be $10 better than any buggy that defendant had on the floor, and at the same time permitted defendant to show that at that time he had Banner buggies on the floor."

If the evidence which was offered and admitted contradicts, changes, or adds to the terms of the written contract, the same was erroneously admitted.

Section 1090, Comp. Laws 1909 (section 781, Wilson's Rev. & Ann. St. 1903; section 822, St. Okla. 1893), provides that "the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." This is substantially declaratory of the common-law rule. *Southard v. Arkansas Valley & Western Ry. Co.,* 24 Okla. 408, 103 Pac. 750.

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and no representation made prior to or contemporaneous with the execution of the written contract is admissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract." (*Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144; *Southard v. Arkansas Valley & Western Ry. Co., supra; Threlkeld et al. v. Steward et al.,* 24 Okla. 403, 103 Pac. 630, 138 Am. St. Rep. 888; *McNinch v. Northwest Thresher Co.,* 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Guthrie & Western R. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. [N. S.] 490; *Garrison v. Kress,* 19 Okla. 433, 91 Pac. 1130; *D. M. Osborne & Co. v. Walther,* 12 Okla. 20, 69 Pac. 953; *Liverpool, etc., Ins. Co. v. Richardson Lumber Co.,* 11 Okla. 579, 69 Pac. 936.)

In *Peltier v. Collins,* 3 Wend. (N. Y.) 466, 20 Am. Dec. 711, it is said:

"In the case of *Powell v. Edmunds,* 12 East, 6, it is said that a warranty as to the quantity of timber would vary the agreement contained in the written conditions of a sale. The warranty is almost as important a part of the contract as the price or the designation of the articles sold, and equally so with what relates to the delivery or the credit. If we would avoid confusion, it should be recollected that we are not endeavoring to ascertain what is necessary to be stated in declaring upon a contract properly made, but whether a warranty is a substantial part of it. * * * Suppose the contract had been with warranty, and the memorandum in the plaintiff's salesbook had been signed by the defendant, but the warranty clause omitted, and suppose the rice had been delivered, and had proved to be of an inferior quality, could the defendant have shown the warranty by parol? The authorities to which I have referred show most abundantly that

he could not. Is the rule of proof different where the memorandum is subscribed by the agent? Most certainly not. To show that the defendant was bound by the contract made by his agent, the judge admitted parol evidence that there was a warranty, and the jury found that the agent had authority to make a contract with warranty; yet, if the defendant had recognized the contract, it would have been to him a contract within the statute, and therefore void, or a contract without warranty, because he would have been confined to the written memorandum to show its terms."

In *Van Ostrand et al. v. Reed,* 1 Wend. (N. Y.) 431, 19 Am. Dec. 529, it is said:

"Suppose one man sells to another a horse. He represents him sound, and gentle, and useful; but a bill of sale is given in writing, which contains a bare transfer of the animal, without any warranty or engagement as to the soundness or good qualities of the horse; could the purchaser in that case go back and prove the representations and assertions made before the execution of the bill of sale? I think not. Where a contract has been consummated by writing, the presumption is that the writing contains the whole contract. If I am correct in this, then the plaintiffs have failed to prove the warranty. On the main question, whether the improvement was a valuable one, I am of opinion that the evidence was in favor of the plaintiffs. The machine they purchased, made according to the specification, was worthless. This was not contradicted by proving that a horse power machine under the same patent was a valuable improvement; but this evidence was irregularly before the jury—a warranty not being properly proved."

In *Reed v. Wood,* 9 Vt. 285, it is said:

"It is also a familiar principle that no parol evidence is admissible to vary or alter a written contract, or to add a new stipulation or condition thereto, when the parties have reduced their contract to writing. Neither can the parties give parol evidence of such contract, although the written contract may be inadmissible in evidence for want of a stamp. Whenever there is a sale, and either a bill of sale or a sale note given, such bill or sale note is the evidence of the contract, and cannot be varied. The cases of *Hodges v. Drakeford,* 1 New Rep. 270, *Rolleston v. Hibbert,* 3 Term Rep. 406, and *Gardiner v. Gray,* 4 Camp. 144, fully establish this principle. The bill, executed by Train & Co. to Wood, in January, 1832, was a sale note, or bill of sale, and, as such, evidence of the contract. It described the property sold;

that it was bought by Wood of them, and they had received their pay therefor. It was the proper and legitimate evidence of the sale, and of the terms and conditions thereof. If a warranty of the quality of the property, then sold, had been contemplated by the parties, it should have been inserted in the writing then executed. To admit parol evidence of a warranty would in effect be to require that one part of a contract should be proved by the writing, which was executed, and to permit another, and an essential part of the same contract, to be proved by parol. This, we think, could not be permitted; and the result is that it was not competent for the defendant to prove an express warranty by the deposition introduced."

It was competent to introduce evidence as to the character and kind of the Banner buggy; for the buggies were sold and warranted under the written agreement to be equal to the Banner buggy. If the buggies sold and delivered to the defendant were not equal to the Banner buggy, then there was a breach of warranty, and the defendant was entitled to damages for such breach.

Instructions numbered 3 and 6 were erroneous, in that they submitted the question of the parol misrepresentations to the jury for their consideration in arriving at a verdict.

The judgment of the lower court is reversed and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.