COLBERT v. FIRST NAT. BANK OF ARDMORE.

No. 2667. Opinion Filed June 24, 1913.

(133 Pac. 206.)

EVIDENCE—Parol Evidence—Written Contract—Construction. In an action by a bank upon a promissory note against joint and several makers, one of the makers cannot show for the purpose of escaping liability a contemporaneous parol agreement that he signed the note upon the representation of the bank's cashier that security taken upon real estate at the time of the execution of the note would be sufficient to pay the note, and that such maker would not be personally bound by the note, and would not be called upon to pay it, because such statement contradicts the written promise of the note and violates the rule that parol testimony is inadmissible to vary or contradict the terms of a written contract.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the First National Bank of Ardmore against Walter Colbert. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Bowman,* for plaintiff in error.
*Cruce & Cruce* and *W. D. Potter,* for defendant in error.

HAYES, C. J. This suit was instituted originally by defendant in error in the court below against plaintiff in error, Walter Colbert, and one B. H. Colbert, on three promissory notes of $2,000 each, dated October 7, 1905, upon which

there was a credit of $1,765.12. The suit in the lower court resulted in a judgment against defendant for the balance due on the notes, from which this appeal is prosecuted by plaintiff in error. The notes are all similar and are of the usual form of promissory notes, complete and unambiguous in their terms, by which they bind the makers, unconditionally, to pay to defendant in error at a specified time the amount stipulated in the notes, with interest from maturity.

Plaintiff in error, as a defense to the action, admitted in his answer that he, on the 7th day of October, 1905, executed the notes named in plaintiff's petition, but denied that he became liable to plaintiff in any amount by signing said notes, and alleges that it was expressly agreed and understood by and between defendant in error and himself that he would not be personally liable for any amount by reason of his having signed said notes. He further alleges that his codefendant, on the date of the execution of the notes, was indebted to defendant in error in certain amounts, aggregating $7,000, which was secured by a mortgage on certain lands; that plaintiff in error was not then indebted to defendant in error in any amount; that on said date, his co-defendant, B. H. Colbert, was involved financially; and that defendant in error's cashier requested plaintiff in error to accept a conveyance from his codefendant of the lands upon which defendant in error had then a mortgage, and to execute to defendant in error the notes sued upon and a mortgage upon the lands to secure same, with the agreement on the part of the said cashier, acting for and on behalf of defendant in error, guaranteeing to plaintiff in error that he should not be personally liable by reason of his signing said notes and the deed of trust. At the trial plaintiff in error undertook to introduce evidence to establish a parol agreement with the cashier of the defendant bank, by which it guaranteed that he should not be personally liable on the notes. The rejection of this testimony constitutes the only assignment of error presented for reversal of the cause.

There is no contention that the notes are ambiguous or incomplete, and that parol testimony is necessary to aid in the interpretation of same, nor is there any contention that they were executed and delivered without consideration, or through fraud or mistake of fact. The contention made by plaintiff in error has never been determined by this court in any case upon exactly the same state of facts; but we think it is completely answered by the statute and by many decisions of this court upon facts so similar as to be decisive of his contention against him.

Section 942, Rev. Laws 1910, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations * * * concerning its matter, which preceded or accompanied the execution of the instrument."

This statute does nothing more than affirm an elementary principle of the common law; and in all the following cases, it has been held that parol agreements made prior to or contemporaneous with the execution of a written contract upon the same subject-matter are inadmissible to contradict or vary the terms of the written contract. *Guthrie & Western R. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *McNinch v. Northwest Thresher Co.,* 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144; *Hercules Buggy Co. v. Hinde,* 33 Okla. 85, 124 Pac. 27.

In *Guthrie & Western R. Co. v. Rhodes, supra,* the maker of a promissory note which bound him to pay a stipulated sum upon specified conditions offered to show, in an action upon the note, that the payment was to be made upon other conditions not mentioned in the note. It was held that such evidence was not competent. The testimony offered by plaintiff in error does not tend to prove want of or failure of consideration, or that the note was secured by fraud. Its purpose is only to prove that contemporaneous with the written agreement an oral agreement was made, which defendant in error

now seeks to violate. Cases from other jurisdictions involving promissory notes and in point are numerous, of which only the following will be cited: *Remington v. Wright,* 43 N. J. Law, 451; *San Jose Savings Bank v. Stone,* 59 Cal. 183; *Charles v. Denis,* 42 Wis. 56, 24 Am. Rep. 383; *Martin's Ex'x v. Lewis' Ex'r,* 30 Grat. (71 Va.) 672, 32 Am. Rep. 682; *Simpson v. Currier,* 60 N. H. 19; *Thompson v. McKee,* 5 Dak. 172, 37 N. W. 367; *Moore v. Beem et al.,* 83 Ind. 219; *Bank of the United States v. Dunn,* 6 Pet. 51, 8 L. Ed. 316; *Kulenkamp v. Groff,* 71 Mich. 675, 40 N. W. 57, 1 L. R. A. 594, 15 Am. St. Rep. 283.

The notes upon their face absolutely and unequivocally bind plaintiff in error to pay same upon maturity. Their execution and delivery is not controverted. If he may show a parol agreement to establish that the contract, instead of being what it is expressed to be upon the face of the notes, is that plaintiff in error shall not be bound to pay, then the very purpose of a written contract is destroyed, for its primary purpose is to create evidence incapable of dispute to establish what the final agreement of the parties thereto is. Although every person is presumed to know the law, a person may sometimes be ill advised relative thereto, and execute a written contract, relying upon parol assurances that it will not be enforced. It is unfortunate, if such a person is deceived and is called upon to perform his contract; but it is better that he lose than that a principle so essential to the certainty and stability of contracts should be destroyed in order to relieve him from the consequences of his indiscretion.

As the record presents no error requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur.