### G. A. HEBARD v. H. F. CUTLER.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 10, 1917.

*Exceptions—Construction of Written Instrument—Contract of Sale—Evidence—Parol Warranty—Admissibility—Remand for Further Proceedings.*

Where a written instrument was construed by the court, as a basis for admitting evidence of a parol warranty, the question of the correctness of the court's construction may be raised under an exception to the admission of evidence of the warranty.

An instrument in writing signed by both parties thereto, covering an
order for a designated automobile, a list of the equipment included,
the price agreed upon, the time of delivery, and the time and
manner of payment, contains the essential elements of a contract of
sale, fully performed, and nothing to suggest that there were other
stipulations which the parties did not intend to include in the
writing, and so evidence tending to show a parol warranty of the
automobile is not admissible.

Where, in argument in Supreme Court, an aspect of the case is sug-
gested which is not before the Court on the question presented,
but which might allow a recovery which would otherwise be
denied, the cause will be remanded for further proceedings.

ACTION to recover damages for an alleged breach of war-
ranty in the sale of an automobile by defendant to plaintiff.
Plea, the general issue. Trial by jury at the June Term, 1916,
Orange County, *Stanton*, J., presiding. Verdict and judgment
for plaintiff. Defendant excepted.

The declaration alleged that defendant warranted the auto-
mobile to be in good condition, sound and strong in all its parts,
able to develop 35 H. P., whereas it was old, worn out, broken
and defective and had much less than 35 H. P.

Plaintiff introduced in evidence an instrument in writing as
follows:

"Order and Contract.

H. F. Cutler,                              Barre, Vt., Aug. 17, 1914.
    Barre, Vt.

Please enter my order for *Little* (6) Model 6 Price $900.00
Randolph, with the following equipment:—Top, dust cover,
wind shield, *generator electric*, speedometer, tire irons and full
tool equipment.

Extras—*as car is equipped.*

Approximate date of delivery, *at once.*

Remarks:

Payment to be made as follows:—$450.00 at time of placing
order, as a guarantee of acceptance, and the balance of *note* at
time of delivery.

Signature:                           Guy A. Hebard,
Address:                             Randolph Center, Vt.
                                         O. K. by H. F. Cutler."

Salesman: H. F. Cutler.

Plaintiff offered to show that parol warranties were made by defendant, substantially as set forth in the declaration, prior to the signing of the foregoing instrument, and which were relied upon by plaintiff at the time he executed the instrument. The court held the instrument to be an order and agreement to pay and admitted the evidence offered. To this ruling the defendant excepted on the ground that the whole contract was reduced to writing and was represented by the instrument above set forth, and that the offered evidence tended to carry it.

*Earle R. Davis* for defendant.

The instrument is a contract, because it is called such on its face; is for a consideration; described the property sold and the terms of payment; and is signed by the party to be charged. The terms of the contract cannot be varied by evidence tending to show a verbal warranty of the article sold. *Reed* v. *Wood*, 9 Vt. 285; *Bond & Green* v. *Clark*, 35 Vt. 577; *Mumford* v. *McPherson*, 3 Am. Dec. 339; *Frost* v. *Blanchard*, 97 Mass. 155; *Boardman* v. *Spooner*, 13 Allen 353; *DeWitt et al.* v. *Berry et al.*, 134 U. S. 306; *Sietz* v. *Brewers, etc., Machine Co.*, 141 U. S. 510 and cases cited; *Johnston* v. *Mandehall*, 4. W. Va. 112; *Diebold Safe & Lock Co.* v. *Hustin*, 28 L. R. A. 53.

*March M. Wilson* and *Stanley C. Wilson* for plaintiff.

It was the duty of the court to construe the instrument. Defendant did not except to such construction and cannot now question it. *Smith Woolen Machine Co.* v. *Holden*, 73 Vt. 396; *Sietz* v. *Brewers, etc., Co.*, 141 U. S. 510.

The instrument is lacking in any words importing a transfer of title. Such words are essential if parol evidence is to be excluded. *Putnam* v. *McDonald*, 72 Vt. 4.

The instrument does not purport to be the complete repository of all agreements and representations between the parties, and therefore the evidence of the warranty was properly received. *Burditt Bros.* v. *Howe*, 69 Vt. 563; *Jackson* v. *Mott*, 76 Iowa 263; *Foot* v. *Bentley*, 4 Am. Rep. 652; 35 Cyc. 380; Benjamin, Sales, (7th ed.) 667 note; 2 Mechem, Sales, § 1255; Tiedeman, Sales § 196; *Linsley* v. *Lovely*, 26 Vt. 123; *Putnam* v. *McDonald*, 72 Vt. 4 and cases cited; *Sumner* v. *Hobart*, 12 L. R. A. 695, note;

19 Am. & Eng. An. Cas. 543; Jones, Evidence (2nd ed.) 443; *Curtis* v. *Saltau,* 16 Daly 490; *Routledge* v. *Worthington Co.,* 119 N. Y. 592; *Hayward* v. *Loring,* 10 Cush. 267; *Wallace* v. *Rogers,* 2 N. H. 506; *Weeden* v. *Woodruff,* 38 Mich. 130; *Palmer* v. *Roath,* 86 Mich. 602.

MUNSON, C. J. The suit is for the breach of a warranty claimed to have been made in a contract for the sale of an automobile. The plaintiff introduced in evidence the written instrument shown in the statement of the case, and testimony tending to establish the making and breach of a parol warranty of the article described in the writing. This testimony was objected to as tending to vary the written instrument, and an exception was taken to its admission.

In receiving the evidence of a warranty against the defendant's objection, the court held the writing to be merely an order and agreement to pay, and no exception was taken to the ruling as a construction of the instrument; and the plaintiff now contends that the defendant, having failed to take such an exception, is concluded by the court's construction. But we think the defendant was not required to treat the two matters as separate and independent rulings. The instrument was construed as a basis for passing upon the offer, and the admission of the evidence against the objection made would have amounted to a construction of the instrument if nothing more had been said. The whole matter was covered by the exception taken.

The plaintiff contends that the instrument in question is no more in legal effect than a receipt, and refers to our construction of the instrument passed upon in *Putnam* v. *McDonald,* 72 Vt. 4, 47 Atl. 159. But we think a comparison of the two instruments discloses very material differences, and points clearly to the opposite conclusion. .The instrument in controversy is signed by both the parties, and contains the essential elements of a contract of sale. It covers an order for a designated car, a list of the equipment included, the price agreed upon, the time of delivery, and the time and manner of payment. Part payment is to be made in cash at the time of placing the order, and the balance by note at the time of delivery; and there is a further provision that the delivery is to be made at once. This presents a case of full performance by both parties at the date of the writing. The whole instrument implies a transfer of the property at

its date, although no words of transfer are contained in it. The payment by note was shown by another exhibit introduced by the plaintiff, which has not been handed up, but is described in the exceptions as a conditional sale note. The reservation of a lien upon the property covered by the above instrument did not subject the agreement to variation by parol evidence. The instrument was a valid transfer of such interest as the parties agreed upon.

But the plaintiff claims that the writing does not purport to be a repository of the entire contract, and cites among other authorities *Linsley* v. *Lovely,* 26 Vt. 123. The question litigated in that case was whether the suit was prematurely brought. The writing in question was a bill for goods bought, and contained the words "six per cent. off for cash." This implied that there was a period of credit, but the writing was silent as to the time; and the question was whether parol evidence could be received to show that the sale was made upon a credit of six months. The court considered that the writing did not express a contract, but was simply declaratory of the fact that one had been previously made; and held that the true contract of the parties could be shown. The case is not an authority for the plaintiff upon either of his claims. The writing in question here evidences a present agreement of the parties, covering the essentials of a valid contract, and containing nothing to suggest that there were other stipulations which the parties did not intend to include in the writing.

Counsel suggest in argument an aspect of the case not before us on the questions presented, and so not considered, which might enable the plaintiff to recover. In view of this fact, we do not render final judgment, but remand the case for further proceedings.

*Judgment reversed and cause remanded.*