## LOVELAND et al. v. AUSTIN.

No. 14727—Opinion Filed Feb. 12, 1924.

**1. Principl and Agent—Proof of Agency.**

Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency.

**2. Contracts—Oral Stipulations Superseded by Writing.**

The execution of a contract in writing whether the law requires it to be written or not supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument. Section 5035, Comp. Stat. 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Tulsa County; John P. Boyd, Judge.

Action by the Brenard Manufacturing Company against F. B. Austin for money due on notes. Judgment for defendant, and

plaintiff brings error. Reversed and remanded, with instructions to grant a new trial.

Hulette F. Aby, William F. Tucker, and Corland D. Little, for plaintiff in error.

A. E. Montgomery, for defendant in error.

Opinion by THREADGILL, C. On June 9, 1922, the plaintiff in error, hereinafter called plaintiff, filed suit in the county court of Tulsa county against defendant in error, hereinafter called defendant, to recover on five promissory notes, each in the principal sum of $60, and one note in the principal sum of $28, making a total of $328. A demurrer to the petition, by the defendant, was overruled by the court. The defendant after filing an answer, in the form of a general denial, by leave of court filed an amended answer, in which he admitted the execution of the notes, sued upon, and alleged as a defense that at the time of the execution of said notes he had an oral understanding with the plaintiff's salesman, the terms of which were breached by said salesman, and set up a counterclaim of $200 for damages resulting from this alleged breach. The plaintiff replied by general denial. The issues were tried to a jury February 19-20. The record shows a great deal of unnecessary contending and elaboration and argument of objections that should not have been permitted by the trial court and especially in the presence of the jury for the reason the same has a tendency to confuse the minds of the jury. The trial resulted in a verdict and judgment in favor of the defendant and the plaintiff brings the cause to this court by petition in error and case-made, urging four assignments of error:

"(1) Error overruling the motion for new trial. (2) Error of instruction. (3) Error admitting incompetent, irrevalent and immaterial evidence. (4) Error in overruling motion of plaintiff for an instructed verdict."

The plaintiff discusses these errors under two propositions as follows:

(1) "It is error for a court to admit, over proper objection, declarations of one who purports to act as agent for another, for the purpose of proving agency."

(2) "It is error for a court to admit over proper objection, parol or extrinsic evidence to contradict, alter, add to or vary the terms of a written contract, which on its face is full, complete and unambiguous."

In support of the first proposition the plaintiff cites the following authorities: Okla. Auto Co. v. Benner, 70 Oklahoma, 174

Pac. 567; R. P. Smith & Sons v. Raines D. G. Co., 37 Okla. 39, 130 Pac. 133; Thorp Oil & Specialty Co. v. Home Oil Refining Co., 79 Okla. 225, 192 Pac. 573; Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 333; and to the same effect is Davis v. Decker Brothers, 92 Okla. 177, 218 Pac. 518.

These cases establish the well-known rule, in this jurisdiction, that the fact that one purports to act as agent for another is not in itself sufficient evidence to go to the jury for the purpose of establishing the fact of agency.

We have examined all these authorities, and they fully sustain the plaintiff's contention. We have also examined the evidence to determine whether or not the same is sufficient to establish the authority of the salesman, Swigart, to make the verbal contract claimed by the defendant, and we find no testimony as to his agency or authority to do anything except take written orders subject to the approval of the plaintiff.

The testimony of the defendant that Swigart agreed to be present and assist in setting up the victrolas, ordered from the company, and assist in advertising them was clearly erroneous for any purpose against the plaintiff. The court in the trial of the case at first sustained the objections of the plaintiff to this testimony offered, but it seems that on account of the persistence of counsel for the defendant afterward allowed the testimony to be brought out, and this testimony was highly prejudicial to the plaintiff. The instruction based upon this testimony was also erroneous and prejudicial and should not have been given. It is true that the record does not show that the plaintiff objected to the instruction but it does show that the testimony was objected to and whether the plaintiff objected to the instruction or not. the cause would have to be reversed on the error of improper testimony.

2. In support of its second proposition plaintiff cites the following authorities: 22 C. P. J. page 1071, sec. 1380; 22 C. J., page 1098, sec. 459; secs. 5035-5081, Comp. Stat. 1921; Hercules Buggy Co. v. Hinde, 33 Okla. 85, 124 Pac. 27; Colonial Jewelry Co. v. Bridges. 43 Okla. 813, 144 Pac. 577; Southard v. Ark. Valley & W. Ry. Co.. 24 Okla. 408, 103 Pac. 750.

We have examined these authorities, and find that they fully sustain the contention of the plaintiff. We must therefore con-

clude that the testimony introduced by the defendant and permitted by the court over the objeciton of the plaintiff, to the effect that plaintiff's salesman, Swigart, was to assist the defendant in setting up the musical instruments ordered and in advertising them and helping the defendant with the sales, was erroneous in that it tended to change the terms of the written contract between the parties.

We think the judgment should be set aside, and the cause reversed, with instruction to grant the plaintiff a new trial.

By the Court: It is so ordered.