## NACHTSHEIM et al. v. BARTLE.

No. 18177.　Opinion Filed June 5, 1928.

(Syllabus.)

**1. Contracts—Oral Stipulations Superseded by Written Contract—Statute.**

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument. (Section 5035, C. O. S. 1921.)

**2. Same—Evidence—Parol Evidence not Admissible to Vary Writing.**

When persons meet and negotiate concerning a contract and discuss its proposed terms and conditions, and finally end the matter by executing a written contract fully covering the subject, it represents the final agreement of the parties, and oral evidence tending to vary, contradict, enlarge, or narrow the terms of the writing is not admissible.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by William G. Bartle III against Peter Nachtsheim and Ruth E. Nachtsheim, his wife, and Jacob Nachtsheim. Judgment for plaintiff, and defendants appeal. Affirmed.

P. A. Sompayrac and A. F. Vandeventer, for plaintiffs in error.

Pennel & Harrison, for defendant in error.

PHELPS, J. Peter Nachtsheim and Ruth E. Nachtsheim conveyed to plaintiff in error, William G. Bartle, by warranty deed, title to certain real estate located in Bartlesville, Okla. Before this deed was placed of record, however, they executed another deed to Jacob Nachtsheim conveying the same property to him. This deed was placed of record prior to the recording of the deed to William G. Bartle. Bartle filed his suit in the district court of Washington county praying cancellation of the deed to Jacob Nachtsheim and removing cloud from the title to said property, and from a judgment in his favor the Nachtsheims prosecute this appeal.

At the same time the deed in question was executed a written contract was signed by the parties by the terms of which Bartle was to convey certain property he owned in St. Louis to the Nachtsheims in exchange

for their Bartlesville property, each executing deeds and leaving them with Floyd A. Johnston Realty Company, who, in obedience to a listing of the property with them by the Nachtsheims, negotiated the deal. The contract contained a clause providing:

"Warranty deeds are to be placed in escrow with the Floyd A. Johnston R. E. Co. to be recorded & delivered by them when title is found good and the terms of this contract complied with."

It contained a further provision that:

"Title to said properties to be good and merchantable and five days allowed for inspection of Mr. Nachtsheim's property."

The deeds and contract were executed and signed on December 11, 1925. Bartle caused an inspection to be made of the Bartlesville property immediately and advertised the same for sale and on December 16, 1925. Nachtsheim executed the subsequent deed to his brother Jacob Nachtsheim.

It is the contention of plaintiffs in error that the contract was not a completed contract, but was merely an offer which depended upon the subsequent inspection of their property and the acceptance or rejection within the five days allowed under the terms of the contract. An examination of the contract, however, does not justify that contention. It appears from the terms of the contract that the five-day provision was placed therein for the benefit of Bartle, it being agreed that he should have the five days within which to inspect the property with the implied right to reject it if he were not satisfied with the property, and before the expiration of the five days Nachtsheim attempted to rescind by conveying the property to his brother.

It is further contended by plaintiffs in error that the execution and delivery of the deed was conditioned and dependent upon a contemporaneous oral agreement that they should receive in exchange for their property a suburban property instead of the St. Louis property by the consummation of what they term a three-cornered deal. On this question the court permitted evidence to be introduced which, in our judgment, was incompetent, but of which plaintiffs in error make no complaint; in fact, since they offered the evidence, they are in no position to complain. As we view it, however, whatever oral negotiation plaintiffs in error had with their agent, Floyd A. Johnston Realty Company, it would not be binding upon defendant in error. They further claim that defendant in error was associated or connected with the Floyd A. Johnston Realty Company. Granting this contention to be true, under section 5035, C. O. S. 1921, such oral negotiations were merged into the written contract. Said section reads as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

And section 5081, C. O. S. 1921, provides that:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Such was the holding of this court in Miller v. McCall, 37 Okla. 634, 133 Pac. 183, and Loveland v. Austin, 97 Okla. 175, 223 Pac. 394.

In their answer defendants alleged that they were fraudulently deprived of their property, but they wholly failed to plead a state of facts showing that fraud was used in procuring the conveyance, and no evidence was introduced tending to show that the transaction was tainted with fraud, and the trial court properly held that the parties to the written contract must be bound thereby and held to a compliance with its terms, and the judgment of the district court is, in all things, affirmed.

MASON, V. C. J., and LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 13 C. J. p. 597, §616; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p. 1140; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582; 6 R. C. L. Supp. p. 635. (2) 22 C. J. p. 1098: §1459; 10 R. C .L. p. 1016; 2 R. C. L Supp. p. 1140; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582; 6 R C. L. Supp p. 635; 7 R. C. L. Supp. p. 343.