THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. GEORGE BROWN.

No. 91.

1. REASON FOR RULING—*Immaterial.* It is immaterial what reason the court may give for his ruling; if the substantial rights of the complaining litigants are not prejudicially affected, no reversible error is committed.

2. FINDING, *not Disturbed.* It is the duty of the jury to weigh the evidence, and where there is some evidence tending to support their finding, and it is allowed to stand by the trial court, we cannot disturb it.

3. WAIVER *by Silence.* Where a litigant fails to object to the action of the court he must be considered as having waived his right to object thereto.

4. AGENCY—*Improper Evidence.* Neither the declarations nor acts of a person can be given in evidence to prove that he is the agent of another.

5. ——— *Rights of Principal.* Admissions, declarations or acts of a person claiming to be the agent of another cannot bind or prejudice the rights of the alleged principal, in the absence of competent evidence tending to prove the agency.

MEMORANDUM.—Error from Cherokee district court ; J. D. McCUE, judge. Action by George Brown against The St. Louis & San Francisco Railway Company to recover damages for loss of property by fire. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed May 8, 1896, states the material facts.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*A. H. Skidmore,* and *E. M. Tracewell,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This action was brought before a justice of the peace in Cherokee county, to recover damages for the loss of certain property claimed to have been destroyed by a fire occasioned by the negligence of defendant railway company. A judgment was rendered in justice's court against the company, and it appealed to the district court of said Cherokee county. The case was tried in the district court upon the original bill of particulars, with a jury, and a verdict and judgment were rendered in favor of the plaintiff, Brown, against said railway company. The company excepted, and brings the case here for review.

The first error complained of is in overruling the motion to require the plaintiff to make his bill of particulars more definite and certain. The motion asked that the plaintiff be required to set out the number of the train which set out the fire, the number of the engine, which way it was running, who was the owner of the land upon which the damage was done, the condition of the grain destroyed, and the number of acres

from which it was harvested. The motion was over-ruled by the judge for the reason that it was not filed in time. The record fails to show how the company was prejudiced by this ruling. It had witnesses at the trial to show the condition of the engine and all the facts about the train which it is claimed set out the fire, and it had the condition of the property examined after the loss by its employees. It evidently knew as much about the cause and origin of the fire and the condition of the property destroyed as the plaintiff did. It is immaterial what reason the court may have given for overruling the motion. If the company was not prejudiced thereby, no reversible error was committed.

The company also contends that the verdict and special findings of the jury are not sustained by and are contrary to the evidence. Lashly and Titus testified that they were plowing in a field on the south side of the railroad track, some distance from the pasture where the fire was afterward discovered; that they saw a train pass, and, 5 or 10 minutes afterward, saw the fire burning in the pasture of the plaintiff, Brown, north of the railroad track. Lashly testified that he had run an engine, and that from the way the engine sounded, as it was passing Brown's place, the engineer was shutting off steam and then throwing it on again, backward and forth, and that that has the effect to throw out cinders, because when the exhaust comes it gives it more draft. This is circumstantial evidence, tending to show that the engine set out the fire, and that the immediate cause was the management of the engine by the engineer. The jury evidently found in favor of this theory, and the trial court approved their finding. Were we to weigh all the evidence we might possibly find differently; but it

being the duty of the jury to weigh the evidence, and their verdict being based upon some evidence tending to support it, and allowed to stand by the trial court, this court cannot disturb their findings.

One of the assignments of error urged by counsel for the company in their brief is that the court erred in its instruction to the jury, and in refusing to submit certain interrogatories to them. It nowhere appears in the record that any objection was taken to any of the instructions given, or to the failure of the court to instruct the jury upon any point, or to the refusal of the court to submit special interrogatories to the jury. Failing to object to the action of the court, the company must be considered as having waived its right to object thereto.

We now come to a more serious question in this case. During the trial the plaintiff below was permitted to introduce testimony concerning statements made by a man by the name of Baker concerning an offer to settle Brown's claim for damages for $115. Louder and Brown testified that Baker had settled claims for losses with other persons which were occasioned by the same fire, and that he offered Brown $115 to settle his claim. There is no testimony tending to show that Baker was the agent of the company other than that he stated to Louder, and also to Brown, that he was a claim agent, and the fact that he went to others beside Brown to settle losses. There is no testimony tending to show that the company ratified the acts of, or settlements made by, Baker, or paid the other losses. Certainly neither the declarations nor acts of a person can be given in evidence to prove that he is the agent of another. (*Leu v. Mayer*, 52 Kan. 419.)

One of the material issues in this case was as to whether the fire was set out by the company in the

running of its trains.   We cannot say that the jury was not influenced in arriving at the conclusion that the fire was set out by the engine in question by the fact that the company had offered to pay $115 to settle Brown's claim, and that it had settled other claims for losses caused by the same fire.   In fact, the counsel for Brown argued in their brief that the jury were justified in finding that the fire was set out by the company's engine because "the defendant admitted that it set out the fire, and offered the plaintiff $115 in payment of the same, and that it paid other losses occasioned by the same fire."   If Baker had been a witness, and had testified as to the facts concerning his agency, his testimony might have been proper evidence tending to prove his agency, but his statements made to Louder and Brown would clearly be hearsay testimony, and should have been ruled out. We must hold that the court erred in admitting testimony as to the offer of Baker to settle with Brown for $115, and to the fact of his having made a settlement with others of their claims for losses occasioned by the same fire, in the absence of competent evidence tending to prove his agency.

The judgment of the district court is reversed, and the case remanded for a new trial.

All the Judges concurring.