Decided 19 December, 1904.

## SLOAN *v.* SLOAN.

### 78 Pac. 893.

LEADING QUESTION—ORDER OF PROOF.

1. In an action on a note, it was not error to sustain an objection to a question asked of plaintiff as to whether defendant's agent had authority to instruct plaintiff to credit a certain amount on the note as a part payment, before any attempt had been made to prove such alleged agency, the form of the question being also objectionable.

COMPETENT EVIDENCE OF AGENCY.

2. An agent's authority cannot be proved by his own statements that he is such agent, and before the acts of the agent can be shown at all against the principal, the agency must be shown.

AGENCY—COMPETENT EVIDENCE OF RATIFICATION.

3. Where plaintiff testified that he wrote defendant a letter; which was mailed to him in the ordinary course of the mail, informing him that plaintiff had credited a certain sum due defendant as a payment on his note to plaintiff, such evidence being sufficient to raise a presumption that the letter was received, as provided by B. & C. Comp. § 788, subd. 24, it should have been submitted to the jury as bearing on the inquiry whether defendant had ratified plaintiff's appropriation of his money in part payment of the note.

From Baker: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE WOLVERTON.

This is an action by Perry V. Sloan against Benjamin Leroy Sloan to recover upon a promissory note given by the defendant to the plaintiff November 29, 1894, at Marengo, Ind., calling for $140 one day after date, with interest at 8 per cent and attor-

ney's fees. One defense set up is that the note is barred by the statute of limitations. It appears by the bill of exceptions that at the trial, when plaintiff rested, counsel for the defendant moved for a nonsuit against plaintiff on the ground that the testimony shows that the statute of limitations has run against the note. The motion being sustained, the court thereupon directed the jury to return a verdict for defendant, which being done, judgment was rendered accordingly, and the plaintiff appeals.

REVERSED.

For appellant there was a brief over the name of *O. B. Mount.*

For respondent there was a brief and an oral argument by *Mr. John Langdon Rand.*

MR. JUSTICE WOLVERTON delivered the opinion.

Two questions are presented for our consideration. The first relates to the action of the circuit court in sustaining the objection to a question put to the plaintiff while a witness in his own behalf, and the second to that of the court in directing a verdict for the defendant.

1. The note was identified by the plaintiff, and offered and received in evidence. There appear upon the back of it the following indorsements:

"Marengo, Ind., Nov. 29, '96, rec'd on within note the sum of $40."

"Marengo, Ind., Sept. 23rd, 1901, credited by corn, $2."

The limitation of the action depends upon the authority that plaintiff had to make the latter indorsement. The witness having testified that there had been two payments made as indicated by these indorsements, and that the latter represented defendant's interest in a corn crop raised on his grandfather's estate, he was asked: "You simply wrote on the back of this note, 'Paid on corn $2,' did you?" to which he answered: "He had an agent there, a brother, L. E. Sloan. There was no administrator; the heirs were all of age, and this corn crop—" But seemingly before he had completed his answer he was again asked: "Did L. E. Sloan, his agent, have authority and instruct you to credit this two dollars as a part payment on this note?" to

which question an objection was interposed as incompetent, irrelevant, and immaterial. This was sustained, and the court's ruling is assigned as error. There is a possible assumption in the question that L. E. Sloan was the agent of the defendant, but otherwise it was not subject to the objection for incompetency or irrelevancy. It was an inquiry as to his authority to direct the credit, and as to whether he instructed it to be made. It was significantly leading, however, and coming, as it did, without any previous attempt to show the alleged agency in the usual way, we cannot say that there was error in sustaining the objection.

2. It was further developed that witness had written to defendant from Indiana regarding the corn crop, that he (witness) had purchased it, and that defendant's share or interest therein amounted to two dollars, and that he had received an answer from him but that it did not specify anything in regard to the two dollars, whereupon the inquiry proceeded as follows:

"Q. You have no letter, then, regarding the payment of the two dollars?

A. No; I have not.

Q. Did you have a talk with defendant regarding that two dollars?

A. No, sir. He was in Oregon, and I was in Indiana.

Q. At the time you gave credit on this note did you write any letter to the defendant telling him what you had done, and asking him if it was agreeable to him?

A. Yes, sir; I did.

Q. When was this when you so addressed a letter to him?

A. About the 15th of October.

Q. What year?

A. 1901.

Q. Did you know what his post-office address was at the time you addressed the letter?

A. I did.

Q. What was his post-office address?

A. North Powder, Oregon.

Q. You may explain to the jury how you addressed the letter. In what way did you write, if you wrote to him—on a piece of paper inclosed in an envelope?

A. I wrote him a business letter.

Q. The letter that you say that you wrote him about the 15th of October? You may tell the jury in what way you wrote him; that is, in what way you got the letter to him.

A. I wrote a letter, and placed it in an ordinary sized envelope, addressed it to B. L. Sloan, North Powder, Oregon, with my return on the upper left-hand corner, P. V. Sloan, Marengo, Indiana, and placed a United States postage stamp in the upper right-hand corner, and placed it in the post-office at Marengo.

Q. Was that letter ever returned to you?

A. No, sir."

An agent's authority from a principal cannot be proven by his own statements that he is such agent, and, to let in proof of his acts or concessions with a view to binding the principal, it is essential that the agency should be first shown: *Connell* v. *Mc-Laughlin,* 28 Or. 230 (42 Pac. 218) ; *Wright* v. *Evans,* 53 Ala. 103; *Scott* v. *Crane,* 1 Conn. 255.

3. But this does not answer the contention of counsel here, which is that the evidence introduced was sufficient to go to the jury, from which they might reasonably infer that defendant acquiesced in or ratified the indorsement made by plaintiff upon the note. Unquestionably the defendant could expressly have assented to the plaintiff's act in making the appropriation of his property or money in part payment of the note and the indorsement of the same thereon, which would have been an approval and tantamount to a ratification of the plaintiff's acts, though unauthorized in the first instance. It is also true that defendant might have given assent to the unauthorized acts of the plaintiff by implication, as if the plaintiff had informed the defendant in person unequivocally of what he had done with his property, and defendant had said nothing, but allowed the transaction to remain for a considerable length of time without objection or protest, especially if his silence had influenced plaintiff to change his position to his disadvantage. So it is in a case like the present, if it is true that the plaintiff wrote the defendant soon after his receipt of defendant's property and its indorsement upon the note, and told him candidly and fully of what he had done, and the defendant remained silent, thereby lulling plaintiff into repose for a greater length of time than would otherwise have been given, then his silence ought to be taken as an acquiescence

in what had been done, and a ratification of the unauthorized acts of the plaintiff in the first instance. Persons do not usually remain silent when they are put into possession of the knowledge that their property is being appropriated without warrant or right and converted to the use of another, and silence thereafter for a considerable length of time with full knowledge of the facts would indicate, in some measure at least, an assent to what had taken place, and therefore a ratification of the unauthorized act. We are impressed that the testimony above noticed should have gone to the jury for their consideration as to whether there was an acquiescence in or ratification of the acts of the plaintiff in appropriating defendant's property and making the indorsement of the same upon the note. There is a presumption, disputable in character, that a letter duly directed and mailed was received in the regular course of the mail (B. & C. Comp. § 788, subd. 24), and it was competent for the jury to have considered this in connection with the other testimony bearing upon the case.

The judgment of the circuit court will therefore be reversed, and the cause remanded for such other proceedings as may seem proper. · REVERSED.