# R. P. SMITH SONS & CO. v. RAINES DRY GOODS CO.

No. 2515.   Opinion Filed February 11, 1913.

(130 Pac. 133.)

PRINCIPAL AND AGENT—Evidence of Agency. The fact that one purports to act as agent for another, stating at the time that he is the other's agent, is not of itself sufficient evidence upon which to submit the question of agency to the jury.

(Syllabus by Ames, C.)

*Error from Blaine County Court;*
*George W. Ferguson, Judge.*

Action by R. P. Smith Sons & Co. against the Raines Dry Goods Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*J. P. Wishard,* for plaintiff in error.
*C. F. Dyer,* for defendants in error.

Opinion by AMES, C. The only question which is involved in this appeal is one of agency. The defendant was engaged in business at Rush Springs, Okla. The plaintiff was a corporation located in Chicago. The defendant tried to effect a composition with creditors. They called a meeting. At this meeting certain lawyers appeared and purported to represent the plaintiff and agreed to the settlement. By the settlement the defendant's stock of merchandise was delivered to a trustee, and the creditors agreed to accept it in discharge of their claims. Some time afterwards the plaintiff sued the defendant on its account, and the defendant pleaded this settlement in payment. The issue tried was whether the attorneys had authority to act for the plaintiff. The attorneys did not testify in the case, nor was any authority produced. The only fact tending to show authority was that they had appeared at the meeting and represented the plaintiff and stated at the meeting that they had authority to do so. The officers of the plaintiff testified positively that the attorneys had no

authority to represent them in any way, that they had never agreed to the settlement, and that they had never received any part of the proceeds of the sale. The question of agency was sub- mitted to the jury. This was error. *Chickasha Cotton Oil Co. v. Lamb & Tyner*, 28 Okla. 275, 114 Pac. 333.

The case should be reversed and remanded.

By the Court: It is so ordered.