## OKLAHOMA AUTOMOBILE CO. v. BENNER.

No. 9365—Opinion Filed July 23, 1918.

(174 Pac. 567.)

1. Principal and Agent—Proof of Agency—Declarations of Agent.

Agency cannot be proved against another by evidence of the declarations of an agent, and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury.

2. Corporations—Agency—Proof.

The evidence in this case examined, and it is held, that the admission in evidence of the statements of the witness Pendleton was error; there being no evidence independent of said statements to establish his authority.

3. Personal Injuries—Evidence—Sufficiency.

Evidence in this case examined, and the same held to be insufficient to establish ownership of the automobile in question or the employment of the party operating the same at the time of the injury.

(Syllabus by Hooker, C.)

Error from District Court Garfield County: James B. Cullison, Judge.

Action by Dorsey Benner against the Oklahoma Automobile Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Hills & Manatt, for plaintiff in error.

James W. Steen and H. J. Sturgis, for defendant in error.

Opinion by HOOKER, C. In the petition filed in this case, it is alleged: That the Oklahoma Automobile Company is a corporation formed for the purpose of buying and selling automobiles, running and operating a taxicab and transfer line out and in the city of Enid, and at all times hereinafter mentioned was so engaged in said city of Enid; and that the defendant the Oklahoma Auto & Bus Company is likewise a corporation formed for the purpose of buying and selling automobiles and running and operating a bus, taxicab and transfer line in the city of Enid, but that, while by its charter it was authorized to do such business, it was in truth and in fact organized by the Oklahoma Automobile Company, as a shield and protection of its codefendant from any liability by reason of the negligence of the employes of the said Oklahoma Automobile Company or its subsidiary corporation, the Oklahoma Auto & Bus Company. That no capital stock was ever paid in by the pretended stockholders of the said Oklahoma Auto & Bus Company, but that the same was a paper organization pure and simple and for the sole and only purpose of saving the said parent company, the Oklahoma Automobile Company, from any liability by reason of the negligence of its employes or the negligence of its subsidiary, the said Oklahoma Auto & Bus Company. That all of the employes of the pretended Oklahoma Auto & Bus Company were employed by the officers and managers of the Oklahoma Automobile Company and were paid out of the funds and moneys of the said Oklahoma Automobile Company. and were in truth and in fact and in law employes of the said Oklahoma Automobile Company and as a blind may have been operating taxicabs, hacks, and transfer trucks which were claimed to be owned and operated by the said Oklahoma Auto & Bus Company. but which were in truth and in fact owned, controlled, and operated by the Oklahoma Automobile Company That on the 3d day of June, 1915, the plaintiff was the owner of a carriage and horse drawing the same, and in which the plaintiff was riding on said day on East Broadway in the city of Enid, and that the defendants were then possessed of a certain vehicle. automobile, or taxicab propelled by gasoline power which was then passing along the said street under the care, management, direction, and control of a servant under the employ of the said defendants. That the said defendants by their said servant. agent, and employe then and there carelessly, negligently, recklessly and maliciously controlled and managed said vehicle, automobile, or taxicab. That by reason of said negligence said vehicle, automobile, or taxicab as aforesaid managed and operated by the defendant's

servant struck plaintiff's carriage and horse and damaged the same and threw the plaintiff to the ground, etc., inflicting injuries to his person and property for which he sued to recover in the sum of $1,000.

The Oklahoma Automobile Company, only, filed an answer, in which it denied the allegations of said petition, and, while admitting that it was a corporation engaged in the business of buying and selling automobiles, it likewise admitted that the Oklahoma Auto & Bus Company was a corporation engaged in the taxicab and transfer business in the city of Enid, but further alleged that the taxicab or automobile in question was not at the time of said injury, nor had the same ever been, owned by it, nor was the same at that time, nor had ever been, operated by it, nor was the party so operating it in its employ or under its control, or ever had been in its employ or under its control.

Upon these issues, the case was tried and a judgment rendered in favor of the plaintiff against the Oklahoma Automobile Company to reverse which an appeal is had here.

It is urged that a demurrer to the evidence of the plaintiff in the court below should have been sustained, inasmuch as there was no evidence that the plaintiff in error was the owner of the taxicab in question at the time of the injury or that the driver thereof was in its employ or under its control. And it is further asserted that the trial court committed an error in allowing certain evidence to be introduced in the trial of the cause below.

It is urged on behalf of the defendant in error that, by virtue of the allegations in the petition of this case to the effect that the vehicle that caused the injury was under the care, etc., of a servant of the defendant, and that the defendant, by its servant who controlled and managed said vehicle, etc., together with a failure of the defendant company to verify its answer, constituted an admission of the truthfulness of the allegations of said petition. Under section 4759, Rev. Laws 1910, in support of this contention, McCabe v. Wilson, 17 Okla. 355, 87 Pac. 320, is relied upon. A careful reading of that case will not support the theory of the defendant in error, for at page 361 of 17 Okla., page 321 of 87 Pac., it is said:

"Had the court below by said instruction gone so far as to say that under said above-quoted section of our statute the allegations that plaintiff was employed by the defendant amounted to an allegation of appointment or authority, and was therefore taken as true, the denial of it not being verified, we would

be inclined to dissent therefrom; but, as the answer also contains the allegation that if the plaintiff was injured it was due to one of the risks assumed by him in his contract of employment with this defendant, we think it was a clear admission, etc."

Therefore, under the pleadings as the same existed, it was incumbent upon the plaintiff below to establish that the automobile in question was being operated by one of the agents or servants of the defendant company at the time of said injury before a recovery could be had. To establish this fact, the testimony of Dr. Cotton was introduced, showing that a few months after the date of the injury complained of he had paid to the defendant company a certain amount of money for automobile hire for an automobile used in his profession in this vicinity. And the further testimony was introduced showing that one Pendleton, who assumed to act for the company, had called upon the plaintiff below for the purpose of making a settlement for the injuries sustained by him, and that this Pendleton at the time represented himself as the agent acting for the defendant company in its effort to settle this controversy. No proof was introduced, however, to show what connection Pendleton had with said company or that he was as a matter of fact an officer, an agent, or employe thereof. In other words, without any preliminary proof being offered to establish the relationship of Pendleton with the defendant company, this evidence was introduced over the objection of the plaintiff in error.

It is urged here that this was error, for the reason that agency can be proved as against another by the declarations of the agent. The rule is well established that the fact one purports to act as agent for another is not of itself sufficient evidence upon which to submit the question of agency to the jury. See Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 Pac. 333; R. P. Smith & Sons v. Raines, D. G. Co, 37 Okla. 39, 130 Pac. 133; St. L. & S. F. Ry. Co. v. Brown, 3 Kan. App. 260, 45 Pac. 118; Sloan v. Sloan, 46 Or. 36, 78 Pac. 893.

Under the rule announced, the admission of this evidence constitutes error, unless there is some evidence here, which, independent of the statement of Pendleton, would establish his authority.

We have searched in vain for some evidence in this case sufficient to show the jury who owned the automobile in question, or in whose employ the party operating the same was, at the time of the injury. Nor is there

any evidence in this record to establish the relationship between Pendleton and the plaintiff in error. That being true, the admission of this testimony was improper.

The judgment of the lower court is reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.