## THORP OIL & SPECIALTY CO. v. HOME OIL REFINING CO.

No. 9820—Opinion Filed Sept. 21, 1920.

(Syllabus by the Court.)

### 1. Principal and Agent—Proof of Agency.

Agency cannot be proved against another by evidence of the declarations of an agent, and, where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury.

### 2. Principal and Agent — Ratification of Agent's Acts.

Ratification, as it relates to the law of agency, may be defined as expressed or implied adoption and confirmation by one person of an act or contract performed or entered into on behalf of another who, at the time, assumed to act as his agent in doing the act, or making the contract without authority to do so, and the general rule is, in order that a ratification of an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized act or transaction, or that some one authorized to represent the principal, except the agent, have such knowledge, unless the principal is willfully ignorant or improperly refrains from seeking the information.

### 3. Evidence—Admissibility—Offer to Compromise.

Evidence of a proposed compromise and settlement of a claim, which was not accepted, cannot be legally admitted in evidence in a trial in which the claim offered to be compromised is the subject-matter of the suit.

**4. Trial—Appeal and Error—Demurrer to Evidence—Consideration of Incompetent Evidence.**

In considering a demurrer to the evidence, a trial court may disregard incompetent testimony admitted over proper objections; and, on appeal to this court from a ruling sustaining a demurrer to the evidence, incompetent evidence admitted over objection will not be considered for the purpose of reversing such ruling.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by the Thorp Oil & Specialty Company against the Home Oil Refining Company for damages for breach of contract of sale. Judgment for defendant, and plaintiff brings error. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

Davidson & Williams, for defendant in error.

McNEILL, J. This action was commenced in the district court of Tulsa county by the Thorp Oil & Specialty Company against the Home Oil Refining Company to recover certain damages upon two counts, one for breach of an oral contract and one for breach of a written contract. The written contract was dated June 29, 1917, and signed by Home Oil Refining Company by H. D. Lorch, seller, and accepted by the Thorp Oil & Specialty Company, by McNally, and contained the provision that the Home Oil Refining Company purported to sell to the Thorp Oil & Specialty Company 365 tank cars of fuel oil at $1.27½ per bbl., to be delivered one car per day, beginning July 1, 1917, and continuing until July 1, 1918. The petition alleged that on July 10, 1917, the Home Oil Refining Company ratified said contract and shipped three cars of fuel oil under and by virtue of said contract, but thereafter breached the contract and refused to comply further therewith and refused to ship any more oil under said contract; and plaintiff asks for damages in the sum of $26,720.

The second cause of action alleged that at the same time the parties entered into an additional oral contract wherein Lorch, representing the Home Oil Refining Company, agreed to sell 15 tank cars of oil at $1.27½ per bbl., to be delivered f. o. b. refinery Yale, during the month of July, 1917, payment to be made by sight draft attached to bill of lading, and also 20 cars of gas oil at three and one-half cents per gallon, and the plaintiff agreed to accept said offer. It is alleged the defendant failed to comply with said contract, and damages are prayed for in the sum of $4,300.

To this petition the defendant filed a verified general denial. A jury was waived, and the case was tried to the court. After the plaintiff introduced its evidence the defendant demurred to said evidence, which was sustained by the court. From said judgment, the plaintiff has appealed.

The determination of whether the court committed error in sustaining the demurrer depends on whether there was sufficient evidence to establish that H. D. Lorch was the agent of the defendant. The only evidence introduced that Lorch was the agent of the defendant and had authority to represent the company was the testimony of the plaintiff's witness, who testified to what Lorch had told them concerning his authority. This evidence was introduced over the objection of the defendant.

The rule laid down by this court in the case of Oklahoma Automobile Company v. Benner, 70 Oklahoma, 174 Pac. 567, is as follows:

"Agency cannot be proved against another by evidence of the declarations of an agent, and, where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury."

The court further stated:

"The rule is well established that the fact that one purports to act as agent for another is not of itself sufficient evidence upon which to submit the question of agency to the jury. See Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 Pac. 333; R. P. Smith Sons & Co. v. Raines D. G. Co., 37 Okla. 39, 130 Pac. 133; St. Louis & S. F. R. Co. v. Brown, 3 Kan. App. 260, 45 Pac. 118; Sloan v. Sloan, 46 Ore. 36, 78 Pac. 893."

This same rule is announced in case of McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558.

An examination of the record discloses there was no evidence except what purported to be statements made by Mr. Lorch that he had power and authority to execute said contracts. This evidence was insufficient to prove agency. The evidence of the plaintiff's witnesses was that Mr. Lorch had told them that on July 1st he would take possession of the Home Oil Refining Company plant and would have authority after that time to sell its products. This written contract was dated June 29, 1917, and even admitting the statement as competent evidence, it disclosed that Lorch was not the agent of the company and had no authority to bind the company on the 29th day of June, 1917.

According to the evidence of the plaintiff in error, they admit that Lorch had advised them that his authority to sell the products

would begin on July 1st. Confronted with those admissions, we are unable to see how any contract made by him prior to that time would be binding upon the company.

The only other question presented is, Did the company ratify the contract? The evidence disclosed that B. L. Baxter was president of the company and M. A. Isaacs was vice president and had charge of the business. The plaintiff introduced evidence that Messrs. Isaacs and Baxter had told its agents that they had no knowledge that Lorch had entered into said contract and denied that he had any authority to enter into such contract. There was introduced in evidence the bill of lading for the three cars of oil shipped July 19, 1917. The draft was drawn by the Home Oil Refining Company, by H. D. Lorch, on the Thorp Oil & Specialty Company. In determining whether there was any ratification of the contract, it will be necessary to see if the evidence brings the case within the rule laid down by this court in the case of Amazon Fire Ins. Co. v. Bond, 65 Oklahoma, 165 Pac. 414, wherein the court stated as follows:

"Ratification, as it relates to the law of agency, may be defined as the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another who, at the time, assumed to act as his agent in doing the act,' or making the contract without authority to do so, and it is stated that as a general rule, in order that a ratification of an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized act or transaction, or that some one authorized to represent the principal, except the agent, have such knowledge, unless the principal is willfully ignorant or improperly refrains from seeking the information."

Whether or not the acts are sufficient to constitute a ratification is a question of fact in all cases.

There is no evidence in the case at bar that the officers of the corporation ever knew that the three cars were to be shipped upon this contract, nor is there any evidence to show that any officers of the company had any knowledge that the shipping of the three cars was in compliance with any contract, or that there was an oral or written contract.

There was introduced, over defendant's objection, a memorandum signed by L. W. Baxter, vicepresident of the Home Oil Refining Company, and plaintiff in error contends that this disclosed that the three cars of oil were shipped on the written contract and in carrying out the terms of the written contract. The defendant in error, however, contends that this memorandum was inadmissible, for the reason it discloses upon its face, and the evidence introduced in the case discloses, that said memorandum was an offer to compromise, and was written for the purpose of attempting a compromise of the differences between the parties. The evidence upon this point is that the stenographer of the Thorp Oil & Specialty Company brought a memorandum from the Thorp Oil & Specialty Company, and submitted it to Baxter for his approval as a settlement of the differences between the parties, and Mr. Baxter then dictated the memorandum in question as the compromise and settlement, and stated the same would have to be accepted by the board of directors of the Home Oil Refining Company before it would be effective, but that the directors failed and refused to accept the same.

Under the decisions of this court in City of Anadarko v. Argo, 35 Okla. 115, 125 Pac. 500, and C., R. I. & P. R. Co. v. Forsythe & Templar, 56 Okla. 26, 155 Pac. 851, this memorandum came squarely within the rule as announced in those cases, and was incompetent.

The rule announced by this court in considering a demurrer to the evidence in the case of Nance v. Oklahoma Fire Insurance Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, is stated as follows:

"In considering a demurrer to the evidence, a trial court may disregard incompetent testimony admitted over proper objections; and, on appeal to this court from a ruling sustaining a demurrer to the evidence, incompetent evidence admitted over objection will not be considered for the purpose of reversing such ruling."

We are therefore of the opinion there was no competent evidence introduced to substantiate the fact that L. D. Lorch was the agent of the Home Oil Refining Company or had authority to enter into said contract, and the evidence failed to disclose that said contract was ever ratified as required.

For the reasons stated, the judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, HIGGINS, BAILEY, and RAMSEY, JJ., concur.