### GARLAND v. FRAZIER.

No. 24246.   Sept. 29, 1936.

Milsten & Milsten and James D. Johnston, for plaintiff in error.

Nichols & Wells, for defendant in error.

PER CURIAM.  On February 2, 1931, Louella Frazier, plaintiff, filed a petition in the district court of Tulsa county, Okla., against Bob Garland and P. D. Askew, as defendants, alleging in substance that on or about the 16th day of June, 1928, she was the owner of 200 shares of stock in the Oklahoma Gas & Electric Company of the market value of $22,-600, and that the defendants were the owners of 2,000 shares of common stock in the Liberty Royalties Company of Tulsa, Okla., which said stock was worthless and of no market value; that during the month of June, 1928, the defendants conspired together to deceive, defraud, and cheat plaintiff out of her stock in the Oklahoma Gas & Electric Company, and that they did employ one Ben Levy as their representative, and did authorize him to negotiate with plaintiff a deal whereby the defendants could exchange 2,000 shares of common stock in the Liberty Royalties Company of Tulsa, Okla., for the stock owned by the plaintiff in the Oklahoma Gas & Electric Company; that the defendants knew plaintiff to be without business experience and set about to exchange 2,000 shares of common stock in the Liberty Royalties Company for the Oklahoma Gas & Electric Company stock, which plaintiff owned, and that Ben Levy and P. D. Askew made certain false and fraudulent representations to the plaintiff as to the value of the stock in the Liberty Royalties Company, and did by certain false and fraudulent representations induce the plaintiff to part with her stock of the value of $22,600, and take in exchange therefor 2,000 shares of common stock in the Liberty Royalties Company; that the defendants sold and assigned the Oklahoma Gas & Electric Company stock for the sum of $22,-

600, and paid plaintiff $2,600, and retained for themselves $20,000; that she believed the representations made by the defendants and that she did not discover that fraud and deception had been practiced upon her until August, 1930, and that immediately upon the discovery she made demand upon the defendants for her stock or the value thereof, and that they refused to either give her her stock or to pay her the $20,000. Within the time allowed by law after the discovery she brought this suit for the sum of $20,000, with interest at the rate of 7 per cent. (7%) per annum from the 16th day of June, 1928. The defendant P. D. Askew was duly served with summons and made default. Defendant Bob Garland filed his answer by way of a verified general denial, and also alleged that the plaintiff's action was barred by the statute of limitations. On the 17th day of May, 1932, the cause was tried to a jury, which resulted in a verdict for the plaintiff in the amount sued for, and upon such verdict the court rendered its judgment. Defendant Bob Garland filed his motion for new trial, the same was overruled, and he prosecutes this appeal to reverse said verdict and judgment.

The facts in this case are that Mrs. Louella Frazier is the wife of G. W. Frazier; that they owned $20,000 of stock in the Oklahoma Gas & Electric Company; that the defendant Bob Garland was president of the Liberty Royalties Company, a corporation, of Tulsa, Okla.; that the defendant P. D. Askew was interested in the said company in an official capacity and was known as its fiscal agent; that one Ben Levy was an agent and salesman of the company. The defendant P. D. Askew and a man by the name of _____ Gumphrey induced Louella Frazier to assign and transfer her Oklahoma Gas & Electric Company stock for preferred stock in the Liberty Royalties Company, and for certain amounts of common stock. After this transaction, the Liberty Royalties Company stock was delivered to the plaintiff, Louella Frazier. The record discloses that this stock at one time belonged to Bob Garland, who had assigned it to P. D. Askew, who in turn assigned it to the plaintiff. After this transaction, the Oklahoma Gas & Electric Company stock was sold for $22,600; $2,600 was returned to the plaintiff and the $20,000 was kept as payment for the Liberty Royalties Company stock. It later developed that the common stock in the Liberty Royalties Company became worthless, or probably was worthless at the time of the transaction. The Liberty Royalties Company preferred stock drew dividends for a while, but in a short time the Liberty Royalties Company was placed in the hands of a receiver and the investment of the plaintiff was considered worthless.

The defendant Bob Garland was president of the Liberty Royalties Company. This company was selling preferred stock to investors and giving as a bonus certain amounts of common stock. The testimony does not disclose that the defendant Bob Garland had any direct dealings with the plaintiff. The claim is being made against Bob Garland because of the acts of the other defendants who were purported to be his agents.

The primary question in this case is whether or not there is proof that Ben Levy and P. D. Askew were the agents and representatives of Garland for the purpose of negotiating with plaintiff for an exchange of the stock, or for any other purpose. The whole case against the defendant Bob Garland hinges on this proof. If the plaintiff's proof were insufficient as a matter of law to prove the agency, the case should not have been submitted to the jury; instead, the lower court should have sustained the defendant's demurrer.

We do not believe that the evidence established that Ben Levy, or P. D. Askew, or the man referred to as Gumphrey, were the agents or representatives of defendant Garland for the purpose of negotiating with plaintiff for the exchange of the stock in question. The only evidence tending to prove the existence of such agency is the statements of the plaintiff herself and her husband, G. W. Frazier, in which Levy was quoted as saying that he represented Garland in the transaction. The only other evidence which seemed to in any way link Garland with the transaction was the evidence that he at one time owned the common stock, and that P. D. Askew, after the transaction, paid him between $6,000 and $7,000, which was said to be payment of an old indebtedness. Even giving this testimony the strongest possible weight in support of the plaintiff's case, we are of the opinion that it fails to establish agency. In addition to this testimony, the plaintiff called the defendant Garland to the stand, and as the plaintiff's witness, Garland testified positively and without equivocation that Levy was not his agent; that he knew nothing of the transaction and had not authorized the transaction, and, further, did not authorize any representations to be made to the plaintiff.

The mere fact that one purports to act as agent for another is not of itself sufficient evidence upon which to submit the question in controversy to the jury. This is a question of law for the court to decide.

This court, in the case of Oklahoma Automobile Co. v. Benner, 70 Okla. 261, 174 P. 567, held:

"Agency cannot be proved against another by evidence of the declarations of an agent, and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury."

This court further said in the opinion of this case:

"The rule is well established that the fact one purports to act as agent for another is not of itself sufficient evidence upon which to submit the question of agency to the jury. See Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 P. 333; R. P. Smith Sons & Co. v. Raines D. G. Co., 37 Okla. 39, 130 P. 133; St. L. & S. F. Ry. Co. v. Brown, 3 Kan. App. 260, 45 P. 118; Sloan v. Sloan, 46 Ore. 36, 78 P. 893."

Under this rule the admission of the testimony of the plaintiff and G. W. Frazier with reference to the statements made by Levy constitutes error unless there is some other evidence which, independent of Levy's statement, would establish his authority. No such evidence was introduced.

The plaintiff introduced her evidence and rested, and the defendant promptly demurred to the evidence. This demurrer should have been sustained by the lower court.

Other questions have been raised in this case. Since the decision of this one question is conclusive, we do not feel called upon to discuss at length the other questions. The judgment of the lower court is, therefore, reversed and this cause is remanded, with directions to vacate the judgment and sustain the defendant's demurrer to the plaintiff's evidence and enter judgment in favor of the defendant Garland.

The Supreme Court acknowledges the aid of Attorneys Henry S. Griffing and Walter D. Hanson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved · by the Supreme Court. After the analysis of law and facts was prepared by Mr. Griffing and approved by Mr. Hanson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.