## KATSCHOR et al. v. EASON OIL CO.

No. 28334.    May 23, 1939.

Rehearing Denied June 20, 1939.

Rittenhouse, Webster & Rittenhouse, McGuire & McGuire, and John Barry, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

RILEY, J. This appeal is prosecuted by

the plaintiffs from an order of the trial court sustaining the special appearance and motion to quash the service of summons filed by the defendant, the parties being referred to as they appeared in the trial court.

The action was brought in the district court of Logan county for damages arising out of the operation of an oil and gas lease in that county. The Eason Oil Company owned an interest in the lease, and under contract with the plaintiffs, who owned the remaining interest therein, operated the same, and other leases, and also operated a pipe line in Logan county. Summons was issued for the Eason Oil Company to the sheriff of said county. The Eason Oil Company is a domestic corporation with its principal office and place of business at Enid in Garfield county.

The motion challenges the jurisdiction of the court on the ground that the venue of the action does not lie in Logan county, and on the further ground of insufficient service of summons upon the defendant.

Not so much stress is laid upon the question of venue as upon the sufficiency of the service, and, as we view the case, there can be no question but that the venue of the action was properly laid in Logan county, as the cause of action arose in that county, and section 112, O. S. 1931, relating to the venue of actions against domestic corporations, provides as follows:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state, may be brought, in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, **or in the county where the cause of action, or some part thereof, arose."**

The amended return of the sheriff upon the service of the summons is as follows:

"State of Oklahoma
"County of Logan,      ss.

"Received this writ this 17th day of June, 1933, and as commanded therein, summoned the following persons of the defendant named at the time and on the date following, to wit:

"Eason Oil Company, a corporation, by serving J. F. Stevenson (its Farm Boss) in charge of the East half of the Southwest quarter of section thirty-four (34) in township seventeen (17) North range four (4) west in Logan County, Oklahoma, he being the person in charge of the office on said premises and as such the managing agent of said Eason Oil Company, a corporation, the President, Mayor, Chairman of the Board of Directors, or trustees, or other chief officer, or agent for service duly appointed by said corporation to receive service of process, not being in Logan county, Oklahoma, and its chief officer not being found, and its cashier, treasurer, secretary or clerk not being found and not any of the above being in Logan County, Oklahoma, and J. F. Stevenson being the managing agent and the person in charge of the office and usual place of business of said Eason Oil Company, a corporation, in Logan County, Oklahoma, I served said Eason Oil Company by leaving a full, true, correct and complete copy of the within summons, with all the endorsements thereon with the said J. F. Stevenson at the office and usual place of business of the said Eason Oil Company in Logan County, Oklahoma, located on the above premises the day and date aforesaid, namely June 17th, 1933.

"The following persons of the defendant within named not found in said county, Annabelle Bannon, June 17th, 1933."

Under section 176, O. S. 1931, service may be obtained upon a corporation as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

The amended return properly negatives the presence of the corporation's chief officers, its treasurer, secretary or clerk in Logan county at the time the summons was served. The amended return shows service upon the corporation by leaving a copy of the summons with J. F. Stevenson, describing him first as "farm boss" in charge of the premises covered by the oil and gas lease and upon which the oil and gas well was located, and then says, he being the managing agent of the corporation, and the person in charge of the office and usual place of business of the corporation in Logan county, and then recites that a complete and correct copy of the summons was left with the said J. F. Stevenson at the office and usual place of business of the said Eason Oil Company in Logan county, Okla., located on said premises.

The amended return shows proper service under the statute without regard to whether

Stevenson was managing agent. For said section specifically provides that if none of the "aforesaid officers can be found," service may be "by a copy left at the office or usual place of business of the corporation, with the person having charge thereof."

The return as finally amended showing good service, it was incumbent upon the defendant in order to avoid the effect thereof to impeach the return. It may be conceded that the defendant did successfully impeach said amended return to the extent that it proved that Stevenson was not its managing agent; there is no showing that the company had a managing agent within Logan county when the service was made.

The controverted question, then, is not whether Stevenson was a farm boss or managing agent, but whether the place where the copy of the summons was left with Stevenson was an office or usual place of business of the corporation within the meaning of the statute, and if so, whether Stevenson was the person in charge of such office.

The issues on these questions were presented by affidavits. The affidavits on both sides to a great extent state mere conclusions of law, but also contain statements of fact, and we gather therefrom that the defendant did have a small building, described by some as a shack, on the premises, fitted out as an office with a desk, chairs, and other office equipment. Eason says in his affidavit that it was used in part for the convenience of the employees on said lease and land in the discharge of their several duties, but was "not a place for the general transaction of business by the Eason Oil Company. That J. F. Stevenson was an employee of the Eason Oil Company working for it on various leases owned and operated by the Eason Oil Company." His duties were varied, including looking after gauging oil, inspection of pipe line, timekeeper, clerical work, pumping oil. He signed reports of the time put in by employees. Who made out reports is not shown, but it fairly appears that he did that also. This was probably the "clerical work." Where it was done, or what he did with the reports, etc., does not appear, but the "office" must have been the place where this business of the company was conducted. Possibly he kept the reports on file in that office, but more likely he forwarded them to the general office at Enid. True he did all this under the direction of A. W. Lindley, general production and lease superintendent. Where Lindley was stationed does not appear. Stevenson also procured additional employees when directed so to do by Lindley, and apparently made out orders for material, all subject to the approval of Lindley. In short all this business of the company was transacted by Stevenson.

"An office," or usual place of business, as contemplated by section 176, O. S. 1931, is an office or place where a corporation transacts its business or a substantial part thereof. Clearly the "office" mentioned in the affidavits was such an office or place of business, notwithstanding the conclusions to the contrary stated in the affidavits.

The question then arises, was J. F. Stevenson the person having charge of such office or usual place of business at the time the copy of the summons was left with him?

Stevenson, T. T. Eason, president of the corporation, and L. A. Floore, its bookkeeper, all positively swear that Stevenson was not in charge of the office. None of them state who was in charge.

Lee Bleakly, the deputy sheriff who served the summons, swore he left the copy of the summons with Stevenson "at the little office on said lease"; that Stevenson was the only person in charge of said office, and, in fact, the only person in the office at the time, and that Stevenson stated to him at the time that he (Stevenson) "was the farm boss in charge of the lease." These statements of Bleakly are not denied except the statement that Stevenson was the farm boss and person in charge. There is no denial that Stevenson was the only person in the office.

In the face of the plain facts proven and admitted, the only reasonable inference to be drawn therefrom is that Stevenson was in fact in charge of the office or place of business.

Defendant earnestly contends that the purported statement of Stevenson, though standing undenied, has no value as evidence, and that it was wholly incompetent.

In support of this contention, Garland v. Frazier, 177 Okla. 493, 61 P.2d 188, and other similar cases, are cited. They do not support the contention that such statements were wholly incompetent. What the cases cited do hold is that declarations or statements of alleged agency made by a purported agent to third parties, **standing alone**, are insufficient to prove agency. It is only where there is no other evidence which independent of the statement of the purported agent would establish agency that such evidence is inadmissible. Here

there are other evidence, physical facts, and circumstances of themselves sufficient to show that Stevenson was in fact in charge of the office.

Under the facts proven, the admission, together with the only reasonable inferences to be drawn therefrom, defendant failed to successfully impeach the return as finally amended.

It follows that the service was good and the trial court erred in quashing same. The judgment is reversed and the cause remanded for further proceedings.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, DAVISON, and DANNER, JJ., concur. CORN, J., dissents. HURST, J., absent.